

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-30206 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00024-SEH-1 |
| v. | |
| JESUS PIMENTEL-LOPEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted November 8, 2018
Portland, Oregon

Before:  TALLMAN and IKUTA, Circuit Judges, and BOUGH,[**] District Judge.

Jesus Pimentel-Lopez appeals the sentence imposed by the district court on remand from his previous appeal, *United States v. Pimentel-Lopez*, 859 F.3d 1134 (9th Cir. 2016).  We affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

The district court complied with our mandate by recalculating the applicable Guidelines range based on the premise that Pimentel-Lopez's crimes involved less than 50 grams of methamphetamine, *see Pimentel-Lopez*, 859 F.3d at 1143. Our mandate did not prevent the district court from taking into account the large quantities of methamphetamine attributable to Pimentel-Lopez's co-conspirators and associated with the criminal undertaking as a whole as part of its consideration of the 18 U.S.C. § 3553(a) factors.

The district court did not rely on erroneous facts in sentencing Pimentel-Lopez. Evidence adduced at trial established there was a large quantity of drugs associated with the conspiracy as a whole, and it was undisputed that Pimentel-Lopez had been convicted of two prior drug offenses. *See United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)). Contrary to Pimentel-Lopez, the court did not state that the two prior drug offenses failed to deter Pimentel-Lopez from committing additional offenses.

Any reliance by the district court on the government's erroneous assertion that Pimentel-Lopez had failed to appear for deportation proceedings did not constitute plain error. *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904–05 (2018). Pimentel-Lopez's substantial rights were not affected because

there is not a reasonable probability that Pimentel-Lopez would have received a lower sentence absent the error. *See United States v. Christensen*, 732 F.3d 1094, 1102 (9th Cir. 2013).

The district court's imposition of the sentence was not a clear error of judgment given the totality of the circumstances (including Pimentel-Lopez's two prior felony drug convictions, his lack of legitimate financial or work history, which suggested he relied on criminal activity to support himself, and the sentences of his co-conspirators, which were not disproportionate given his role in the conspiracy), and therefore the sentence is substantively reasonable. *See United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir. 2012) (en banc).

**AFFIRMED.**